IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDY A. USELTON-NORD,                      Civil No. 09-805-AA
                                           OPINION AND ORDER
         Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, Oregon 97045
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Leisa A. Wolf
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901

1    - OPINION AND ORDER

Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

Claimant, Judy Uselton-Nord, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for disability benefits on March 10, 2004, alleging disability beginning March 13, 2004. Tr. 73-76. An administrative law judge (ALJ) issued a decision that resulted in a remand by the Appeals Council. The remand was allowed in order to complete the record by obtaining evidence concerning plaintiff's back and knee pain; as well as anxiety and depression. Following a hearing on remand, the ALJ issued a partially favorable decision dated January 30, 2008, finding plaintiff disabled beginning November 1, 2007, but not prior to that date. Tr. 12-28. Plaintiff requested review of that decision, however, the Appeals Council denied plaintiff's request. Tr. 6-8. Therefore, the ALJ's decision became the final agency decision.

## STATEMENT OF THE FACTS

Plaintiff was born in 1958 and alleged a combination of mental and physical impairments including depression, anxiety, degenerative disc disease of the lumber spine, degenerative joint disease of the knees, obesity, and mixed stress and urinary

2    - OPINION AND ORDER

incontinence associated with pelvic floor relaxation including cystocele and rectocele. At all relevant times, plaintiff was considered a "younger individual." Plaintiff has a GED education. As noted above, the ALJ found plaintiff disabled beginning November 1, 2007. Therefore, a four year period remains at issue for this court, beginning March 13, 2003, through October 31, 2007.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential

3    - OPINION AND ORDER

process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." <u>Id.</u>; <u>see</u> 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

4   - OPINION AND ORDER

## DISCUSSION

<u>Plaintiff's Allegations of Error</u>

1. <u>Findings from Drs. Lundquist and Condon</u>

Plaintiff alleges that the ALJ failed to comply with Agency regulations governing the evaluation of mental impairments and therefore committed reversible error. For the period beginning with plaintiff's alleged onset date, the ALJ found, among other things, that plaintiff had the severe impairments of "anxiety/depression." Tr. 18. For the period pre-dating November 1, 2007, the ALJ made no findings whatsoever regarding the degree to which plaintiff was limited in terms of mental impairments (activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation). Moreover, for that same time period, the ALJ failed to make any mental residual functional capacity ("RFC") findings.

Pursuant to 20 C.F.R. §§ 404.1520a(b)-(d), the ALJ is required to show:

> the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(2).

Instead of reviewing the four broad functional areas noted above, for the period pre-dating November 1, 2007, the ALJ stated the following:

> The claimant's physical impairments do not meet the criteria of any listed impairment. Her mental impairments do not result in marked functional limitations

5   - OPINION AND ORDER

> or episodes of decompensation as required under the "B" criteria of sections 12.04 and 12.06 of the listing of impairments. Evidence does not establish the presence of the "C" criteria. No physician has opined that her impairments are equal to a listed impairment.

Tr. 19.

The ALJ failed to discuss or rate plaintiff's degree of functional limitation in the four broad functional areas. Therefore, the ALJ had no legal or factual basis upon which to assess whether plaintiff's mental impairment was "severe" at step two; she had no legal or factual basis upon which to assess whether plaintiff's mental impairments met or equaled a listed impairment at step three; and she had no legal or factual basis upon which to assess plaintiff's mental residual functional capacity (or the vocational consequences thereof) at step four.

The ALJ further failed to comply with SSR 83-20 in establishing the onset of plaintiff's disability. The record shows that on November 1, 2007, Dr. Gordon diagnosed plaintiff with "[m]ixed stress and urgency incontinence which has been worsening over the last ten years, associated with pelvic floor relaxation including cystocele and rectocele." Tr. 296. Dr. Gordon also stated that when she first examined plaintiff in August 2002, plaintiff was "reporting urinary incontinence that had been present for about five years, and was both stress and urgency in type." Tr. 294. The ALJ failed to obtain the records from August 2002. Without those records and relying solely on part of Dr. Gordon's November 1, 2007, report, the ALJ found:

> Although claimant alleges incontinence for many years, her allegations are not supported by the treatment record . . . . Although [Dr. Gordon] indicated [plaintiff's] incontinence had been worsening over

6    - OPINION AND ORDER

>  the last 10 years, treatment records do not establish a diagnosis of incontinence prior to the November 1, 2007 report. There is no evidence of medically determined incontinence prior to November 1, 2007. As of November 1, 2007, her incontinence is a severe impairment.

Tr. 18-19.

Plaintiff last performed substantial gainful activity in March 2003, and alleges disability since that time. The ALJ should have inquired of Dr. Gordon regarding plaintiff's onset and severity of her limitations prior to November 1, 2007, when Dr. Gordon actually examined plaintiff. SSR 83-20 addresses the need to infer the disability onset date from medical and other evidence. "With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. . . . In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomology of the disease process." Id. The ALJ failed to comply with SSR 83-20. Specifically, the ALJ failed to obtain Dr. Gordon's prior records establishing that she diagnosed plaintiff with urinary incontinence in August 2002, following a five year history of worsening incontinence. The ALJ failed to ask Dr. Gordon or other physicians to address the issue of disability onset, nor did she call a medical advisor to the hearing. Moreover, applying the policy guidelines of SSR 83-20 supports plaintiff's argument that she has been disabled since March 13, 2003. Tr. 73. Plaintiff has not performed substantial gainful work since that date, and the uncontradicted evidence establishes that plaintiff's urinary incontinence existed on Dr. Gordon's

7    - OPINION AND ORDER

examination in August 2002, and that plaintiff reported the condition had been present for about five years. Tr. 294.

Plaintiff next contends that the ALJ erred when she failed to give valid reasons for rejecting the opinions of plaintiff's treating physician, Dr. Lundquist. On July 30, 2004, Dr. Lundquist opined that plaintiff had the following RFC resulting from her anxiety, knee arthritis, and sacroiliitis:

> As far as her anxiety is concerned she would have difficulty with situations requiring working under pressure of deadlines. As far as her back pain and knee pain is concerned she would have difficulty climbing stairs, walking on hard surfaces or bending except occasionally, standing more than thirty minutes at a time or more than two hours in a day, or lifting more than 20 pounds and that occasionally.

Tr. 161.

On November 16, 2006, Dr. Lindquist wrote:

> [Plaintiff] continues to have significant problems with osteoarthritis of her back and knees. There has been no improvement. She continues to suffer from chronic anxiety also. Both of these keep her from having future employment.

Tr. 220.

On August 2, 2007, Dr. Lundquist opined that plaintiff's "depression and anxiety continues unchanged," and that she had the following exertional limitations:

> She continues to have limitations of sitting for no more than 30 minutes at a time and no more than four hours in an eight hour day. She can stand no more than two hours in a day.

Tr. 266.

The ALJ rejected Dr. Lundquist's opinions. Tr. 23. The ALJ stated that Dr. Lundquist's assessments are not consistent with his treatment records which show improvement in plaintiff's

8    - OPINION AND ORDER

mental condition, and that his opinion "involves vocational issues of which he has no expertise." Id. An ALJ may not substitute her opinion for that of a qualified physician. Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). The ALJ also incorrectly assumes that because Dr. Lundquist noted some improvement in plaintiff's condition, that his opinions conflict with his clinical notes. See Ryan v. Commissioner of Social Security, 528 F.3d 1194, 1200-01 (9th Cir. 2008)(doctor's observation that plaintiff's condition was "improving" was insufficient to undermine the repeated diagnosis of those conditions or the doctor's more detailed report).

I find substantial basis in the record to credit Dr. Lundquist's opinion as true and find plaintiff disabled.

> The remaining question is whether to remand for further administrative proceedings or simply for payment of benefits. Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion "as a matter of law."

Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)(internal citation omitted). Here, when Dr. Lundquist's opinions are credited, it is established that plaintiff is limited to sedentary, part-time work. Tr. 220, 266.

2. Plaintiff's Credibility

For the pre-November 1, 2007, period, there is no evidence of malingering. Therefore, the ALJ may reject plaintiff's testimony about the severity of her impairments only by offering specific, clear and convincing reasons for doing so and by identifying what testimony is not credible and what evidence undermines plaintiff's complaints. The ALJ fails to meet this

9    - OPINION AND ORDER

standard. An ALJ may reject a claimant's credibility based on claimant's activities of daily living, "only if the level of activity were inconsistent with Claimant's claimed limitations, [then] would these activities have any bearing on Claimant's credibility." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Therefore, only if plaintiff's level of activity were inconsistent with her claimed limitations would these activities have any bearing on her credibility. The ALJ has failed to cite anything about plaintiff's activity level that is inconsistent with her claimed limitations. In fact, I find nothing about plaintiff's cited activities of daily living that undermine her allegations. Therefore, The ALJ improperly rejected her testimony.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence. Therefore, this case is reversed and remanded for payment of benefits. This case is dismissed.

IT IS SO ORDERED.

Dated this 24th day of September 2010.

_____
Ann Aiken
United States District Judge

10   - OPINION AND ORDER